# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PATRICK LEE DEMPSEY,<br><br>       Plaintiff,<br><br>vs.<br><br>CRISTY BORDON, BRENT BUTCHER and TOM PATERSON,<br><br>       Defendants. | Case No. 2:09-CV-306 DB<br><br>**REPORT AND RECOMMENDATION**<br><br>Judge Dee Benson<br><br>Magistrate Judge Brooke C. Wells |

District Judge Dee Benson referred consideration of this matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B).[1] On April 8, 2009, Plaintiff Patrick Dempsey who is acting pro se, filed a civil rights Complaint under 42 U.S.C. § 1983.[2] After reviewing the Complaint that is almost completely blank the court afforded Mr. Dempsey an opportunity to amend his Complaint.[3] In its order the court ordered Plaintiff to "set forth in writing, the specific causes(s) of action alleged and the 'specific ground of the relief sought.'"[4] The court also warned Plaintiff that failure to comply with its order would result in a recommendation of dismissal of this case. Plaintiff has not responded to the court's order as of the date of this

---

[1] Docket no. 54.
[2] Docket no. 3.
[3] *See* order directing plaintiff to amend his complaint, docket no. 6.
[4] *Id.* at p. 2 (quoting DUCivR 7).

Report and Recommendation and further review of the record indicates that there is no information concerning Mr. Dempsey's current location.[5]

Accordingly, **IT IS HEREBY RECOMMENDED** that this case be dismissed, for failure to prosecute.[6]

Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object. Any objection must be filed within ten days after receiving this Report and Recommendation. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 3rd day of August, 2009.

Brooke C. Wells
United States Magistrate Judge

---

[5] Docket no. 7.

[6] The court notes that *sua sponte* dismissal of this action by the court would also be proper given that there are no facts asserted by Plaintiff to support a cause of action and there are no causes of action listed in the Complaint. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("a court may dismiss sua sponte 'when it is "patently obvious" that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'") (quoting *Mckinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991)).